OPINION OF THE COURT
Vincent R Balletta, J.
The defendant brings on this motion seeking novel relief. He requests that the court direct the plaintiff to allow an inspection of the marital residence by a licensed engineer in order that he may receive a report as to the maintenance and condition of the property and house. In addition, he requests that the plaintiff be required to pay reasonable attorney’s fees in connection with this application.
The parties were divorced by a judgment of this court dated May 15, 1979. A stipulation was spread upon the record, wherein the parties agreed that the plaintiff would have exclusive possession of the marital residence until the youngest of the children was emancipated. That portion of the stipulation attached to the moving papers makes no reference to the maintenance of the real property, but it is uncontroverted that the stipulation did, in fact, contain a provision requiring the plaintiff to keep, repair and main *25 tain the house during the period of her exclusive occupancy, with the further proviso that the defendant would be responsible for structural repairs.
It should be noted that no place in that portion of the stipulation provided for the court’s review nor, in the papers in support of the application, is it suggested that the defendant was entitled to periodic inspections or to an engineering inspection report at the commencement of the period of exclusive occupancy.
The defendant asserts that the house is beginning to deteriorate due to the plaintiff’s failure to make necessary repairs. In support of that allegation, he claims that: “I have seen the house slowly deteriorate as a result of my former wife’s failure to replace broken shingles, fallen leaders and other items which start out small and become greater and do greater damage to the house.”
There is nothing else in the affidavit which supports any allegation that the plaintiff is not properly caring for the house, nor is there anything in the affidavit which would lead this court to believe that the house was in A-l condition at the time that exclusive occupancy was given over to the plaintiff. As a matter of fact, the court would observe that the divorce in question was granted approximately two and one-half years ago, and further that the type of specific complaints made by the defendant appear to be defects which may have existed for a long period of time or may have been developing for a long period of time. Leaders do not just fall unless there is some kind of storm which may cause perfectly good leaders to fall down.
The defendant states that he has sought his former wife’s permission to have an engineer inspect the premises to determine what repairs, if any, must be made, which permission has been refused.
The plaintiff’s affidavit in opposition, in addition to alleging that her former husband is seeking to harass her, points out that he has been slow in making required payments pursuant to the divorce decree. She also alleges that during the five years prior to the divorce, the defendant himself broke doors and walls and that she has spent two summers scraping and painting the outside of the *26 house with the aid of her children, and the winters in repainting and cleaning the inside of the house. These allegations suggest that the house was not in such good condition at the time exclusive occupancy was handed over to the plaintiff.
Anyone who has been involved in the rudimentary practice of real estate law knows well that engineering inspection reports detail all kinds of claimed defects in property and that some engineers in fact report the most insignificant kinds of claimed defects. Such a report by an engineer employed by the defendant may well create such controversy that these parties will become engaged in a running battle during the entire period of the plaintiff’s exclusive occupancy.
While at first blush it would appear that the defendant, who continues to own the marital residence jointly with the plaintiff, would be entitled to such an inspection, this court believes that the granting of the application at this time will, in fact, create unwarranted problems for the parties. They lived together as husband and wife for many years. The defendant knew or should have known the extent of the plaintiff’s interest in maintaining the real property in proper condition. The defendant could have and should have, in connection with the granting of exclusive occupancy, requested an engineering inspection report at the time the stipulation was entered into so as to fix the responsibility of the parties as to the condition of the house. To do so now would transfer to the plaintiff all obligations of maintenance and repair, as to items which may have required such repair prior to the time she was granted exclusive occupancy, and create unending controversy and litigation.
In order to avoid problems in the future, the court does hereby grant to the defendant the right to inspection by a licensed engineer upon the following conditions only: (1) the licensed engineer shall be designated with the consent of both parties and he shall be advised that he has been employed by both parties, in order to avoid any bias or prejudice on the part of the designated engineer; (2) the cost of the engineering inspection shall be borne by the defendant; (3) copies of the engineering inspection report *27 shall be given to both parties; and (4) the plaintiff’s obligation to keep, repair and maintain the house shall be based upon the engineering inspection report and defects as shown in that report shall be deemed to have existed at the time the stipulation was entered into.
Nothing in this decision shall be construed as requiring that an engineering inspection be accomplished. In the event the defendant shall feel that the conditions attached to the allowance of such an engineering inspection are not in his best interests, the inspection need not be made, and the parties herein will determine at the time the exclusive occupancy terminates what their rights may be.
Since it is uncontroverted that the plaintiff has no funds with which to pay her attorney, counsel fees are awarded to her in the amount of $200, which sum shall be paid within 30 days after service of a copy of this order upon the defendant’s attorney.
Defendant’s request for legal fees is denied.